# UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF WISCONSIN
# MILWAUKEE DIVISION

| | |
|---|---|
| LETICIA WOODS, Individually and on Behalf of All Others Similarly Situated,<br><br>    Plaintiff,<br><br>vs.<br><br>NATIONAL CREDIT SYSTEMS, INC.,<br><br>    Defendant. | Case No.: 17-cv-339<br><br>**CLASS ACTION COMPLAINT**<br><br>**Jury Trial Demanded** |

## INTRODUCTION

1. This class action seeks redress for collection practices that violate the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq.* (the "FDCPA") and the Wisconsin Consumer Act, chapter 427, Wisconsin Statutes (the "WCA").

## JURISDICTION AND VENUE

2. The court has jurisdiction to grant the relief sought by the Plaintiff pursuant to 15 U.S.C. § 1692k and 28 U.S.C. §§ 1331, 1337 and 1367. Venue in this District is proper because Defendant directed its collection efforts into the District.

## PARTIES

3. Plaintiff Leticia Woods is an individual who resides in Milwaukee County, Wisconsin.

4. Plaintiff is a "consumer" as defined in the FDCPA, 15 U.S.C. § 1692a(3), in that Defendant sought to collect from her a debt allegedly incurred for personal, family or household purposes.

5. Plaintiff is a "customer" as defined in the Wisconsin Consumer Act, Wis. Stat. § 421.301(17), in that she allegedly engaged in one or more consumer transactions.

6. Defendant National Credit Systems, Inc. ("NCS") is a debt collection agency with its principal offices at 3750 Naturally Fresh Blvd., Atlanta, GA 30349.

7. NCS is engaged in the business of a collection agency, using the mails and telephone to collect consumer debts originally owed to others.

8. NCS is engaged in the business of collecting debts owed to others and incurred for personal, family or household purposes. NCS is a debt collector as defined in 15 U.S.C. § 1692a and Wis. Stat. § 427.103(3).

## FACTS

9. On or around March 24, 2016, NCS mailed a debt collection letter to Plaintiff regarding an alleged debt, allegedly owed to "SILVER CLOUD FINANCIAL INC C/O UPPE / *xxxx*6850 [account number partially redacted pursuant to Fed. R. Civ. P. 5.2.] ("Silver Cloud"). A copy of this letter is attached to this complaint as Exhibit A.

10. Upon information and belief, Exhibit A is a form letter, generated by a computer, and with the information specific to Plaintiff inserted by the computer.

11. Exhibit A contains the following text

Dear LETICIA WOODS,

Our company has received notification that you have recently applied for residency at an apartment community.

In many instances, having an unpaid debt owed to another apartment community will negatively impact the terms under which you may obtain another apartment, or result in an automatic denial of your application for residency.

Thus, we encourage you to contact our office to make suitable arrangements concerning the above referenced debt. We will take your individual situation into account and are willing to work with you to resolve this matter. Once paid, our company will promptly submit information indicating that this account has been satisfied.

We urge you to contact our office to begin this process and avoid other collection remedies available under the law.

Sincerely,

House Collector
Collection Representative
404-629-2728 or 800-367-1050

12. Exhibit A is false, misleading and confusing to the unsophisticated consumer.

13. Plaintiff has no idea what debt NCS is attempting to collect or if it is legitimate.

14. Upon information and belief, the alleged debt identified in Exhibit A was not owed to "another apartment community."

15. Plaintiff has not lived in an apartment since approximately 1998.

16. Plaintiff does not owe any amount to any apartment community. To the extent that any such debts existed, they would be beyond the statute of limitations.

17. Under Wisconsin law, the expiration of the statute of limitations extinguishes the debt. Wis. Stat. § 893.05 ("**Relation of statute of limitations to right and remedy.** When the period within which an action may be commenced on a Wisconsin cause of action has expired, the right is extinguished as well as the remedy.").

18. Thus, attempts to collect a time-barred debt in Wisconsin are attempts to collect debts that no longer exist, in violation of the FDCPA. 15 U.S.C. § 1692e(2)(a); Wis. Stat. § 427.104(1)(j); *see also McMahon v. LVNV Funding, LLC*, 744 F.3d 1010, 1020 (7th Cir. 2014) (a debt collector violates the FDCPA when it misleads an unsophisticated consumer to believe a time-barred debt is legally enforceable).

19. NCS's threat: "In many instances, having an unpaid debt owed to another apartment community will negatively impact the terms under which you may obtain another apartment, or result in an automatic denial of your application for residency," is false and misleading.

20. Plaintiff does not owe anything to another apartment community. Non-payment to NCS of the alleged debt would have no consequences for or impact on Plaintiff's apartment search, the amount of rent or any other lease terms.

3

21. Plaintiff's attorneys determined through research that Silver Cloud is a short term lender based in California. http://silvercloudfinance.com//; https://www.bbb.org/greater-san-francisco/business-reviews/financial-services/silver-cloud-financial-inc-in-upper-lake-ca-439352.

22. Plaintiff does not recall obtaining a short term loan from Silver Cloud or any short term lender in California.

23. Exhibit A also states: "We urge you to contact our office to begin this process and avoid other collection remedies available under the law."

24. The unsophisticated consumer would interpret the above language as a threat that the creditor of the alleged debt would sue Plaintiff if Plaintiff did not pay the debt.

25. Upon information and belief, NCS has no insight into the creditor's litigation practice, if it has any and whoever the creditor actually is. NCS is merely hired to collect the Plaintiff's debt by phone and mail requests. Thus, NCS has no basis to make a threat of legal action.

26. In fact, a search of CCAP shows that no entity named "Silver Cloud" or "SilverCloud" has ever filed a lawsuit in the state of Wisconsin.

27. Further, no reasonable lender would file a lawsuit to collect a $285.00 alleged debt. Such action would not be remotely cost effective.

28. Despite the threatening and misleading language in the letter, upon information and belief, NCS does not pursue any collection activities in Wisconsin on behalf of Silver Cloud, or whoever the creditor actually is, other than using the telephone and U.S. mail.

29. Upon information and belief, the demand that Plaintiff contact and pay NCS to "avoid other collection remedies available under the law" is spurious. Failure to contact NCS

and/or make a voluntary payment within that period does not instigate any specific action by NCS.

30. The sole purpose of the threat to pursue "other collection remedies" is to deceive the consumer into believing that NCS is doing more than sending letters and making telephone calls, and may invade the consumer's life to a greater extent, in order to unjustly scare the consumer into paying.

31. 15 U.S.C. § 1692e generally prohibits "any false, deceptive, or misleading representation or means in connection with the collection of any debt."

32. 15 U.S.C. § 1692e(2)(a) specifically prohibits the "false representation of the character, amount, or legal status" of an alleged debt.

33. 15 U.S.C. § 1692e(5) specifically prohibits: "The threat to take any action that cannot legally be taken or that is not intended to be taken."

34. 15 U.S.C. § 1692e(10) specifically prohibits the "use of any false representation or deceptive means to collect or attempt to collect any debt."

35. 15 U.S.C. § 1692f generally prohibits "unfair or unconscionable means to collect or attempt to collect any debt."

36. 15 U.S.C. § 1692f(1) specifically prohibits: "The collection of any amount (including any interest, fee, charge, or expense incidental to the principal obligation) unless such amount is expressly authorized by the agreement creating the debt or permitted by law."

37. The WCA's debt collection provisions (Wis. Stat. 427.104(1)) are to be interpreted consistently with the FDCPA, and the standard is the FDCPA's objective "unsophisticated consumer" standard. *See Brunton v. Nuvell Credit Corp.*, 325 Wis. 2d 135, 161 n.12, 785 N.W.2d 302, 314 n.12 (2010) (coordinating the Wisconsin Supreme Court's

5

Case 2:17-cv-00339-LA   Filed 03/08/17   Page 5 of 11   Document 1

interpretation of the WCA with the FDCPA, and noting that other courts have done so as well). In *Brunton*, the Wisconsin Supreme Court explicitly adopted and followed the "unsophisticated consumer" standard for the analysis of WCA debt collection actions, citing and discussing *Gammon v. GC Servs. Ltd. P'ship*, 27 F.3d 1254, 1257 (7th Cir. 1994).

38. Wis. Stat. § 427.104(1)(h) prohibits: "Engag[ing] in other conduct which can reasonably be expected to threaten or harass the customer or a person related to the customer."

39. Wis. Stat. § 427.104(1)(j) states that a debt collector may not: "Claim, or attempt or threaten to enforce a right with knowledge or reason to know that the right does not exist.

40. Wis. Stat. § 427.104(1)(L) prohibits: "Threaten[ing] action against the customer unless like action is taken in regular course or is intended with respect to the particular debt."

41. Defendant's misrepresentation is likely to cause emotional distress to the unsophisticated consumer, who is afraid of having to deal with debt that is actually time-barred, but is now reappearing in the hands of a debt buyer. *See* Wis. Stat. § 427.105(1) ("actual damages shall include damages caused by emotional distress or mental anguish with or without accompanying physical injury proximately caused by a violation of this chapter").

42. Plaintiff was confused by Exhibit A. She had no idea what alleged debt NCS was attempting to collect.

43. The unsophisticated consumer would be confused by Exhibit A.

44. Plaintiff had to spend time and money investigating Exhibit A.

45. Plaintiff had to take time to obtain and meet with counsel, including traveling to counsel's office by car and its related expenses, including but not limited to the cost of gasoline and mileage, to advise Plaintiff on the consequences of Exhibit A.

6

Case 2:17-cv-00339-LA   Filed 03/08/17   Page 6 of 11   Document 1

46. The FDCPA creates substantive rights for consumers; violations cause injury to consumers, and such injuries are concrete and particularized. *Quinn v. Specialized Loan Servicing, LLC*, No. 16 C 2021, 2016 U.S. Dist. LEXIS 107299 *8-13 (N.D. Ill. Aug. 11, 2016) (rejecting challenge to Plaintiff's standing based upon alleged FDCPA statutory violation); *Lane v. Bayview Loan Servicing, LLC*, No. 15 C 10446, 2016 U.S. Dist. LEXIS 89258 *9-10 (N.D. Ill. July 11, 2016) ("When a federal statute is violated, and especially when Congress has created a cause of action for its violation, by definition Congress has created a legally protected interest that it deems important enough for a lawsuit."); *Church v. Accretive Health, Inc.*, No. 15-15708, 2016 U.S. App. LEXIS 12414 *7-11 (11th Cir. July 6, 2016) (same); *see also Mogg v. Jacobs*, No. 15-CV-1142-JPG-DGW, 2016 U.S. Dist. LEXIS 33229, 2016 WL 1029396, at *5 (S.D. Ill. Mar. 15, 2016) ("Congress does have the power to enact statutes creating legal rights, the invasion of which creates standing, even though no injury would exist without the statute," (quoting *Sterk v. Redbox Automated Retail, LLC*, 770 F.3d 618, 623 (7th Cir. 2014)). For this reason, and to encourage consumers to bring FDCPA actions, Congress authorized an award of statutory damages for violations. 15 U.S.C. § 1692k(a).

47. Moreover, Congress has explicitly described the FDCPA as regulating "abusive practices" in debt collection. 15 U.S.C. §§ 1692(a) – 1692(e). Any person who receives a debt collection letter containing a violation of the FDCPA is a victim of abusive practices. *See* 15 U.S.C. §§ 1692(e) ("It is the purpose of this subchapter to eliminate abusive debt collection practices by debt collectors, to insure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote consistent State action to protect consumers against debt collection abuses").

## COUNT I – FDCPA

48. Plaintiff incorporates by reference as if fully set forth herein the allegations contained in the preceding paragraphs of this Complaint.

49. <u>Exhibit A</u> is facially confusing and misleading as to the nature of the alleged debt.

50. <u>Exhibit A</u> states that the alleged debt is owed to an "apartment community," but the alleged creditor is short term lender.

51. Plaintiff owes no debt to any apartment community. Any such debt would have been extinguished by expiration of the statute of limitations.

52. The unsophisticated consumer would have no idea what debt NCS was attempting to collect.

53. NCS's conduct violated 15 U.S.C. §§ 1692e, 1692e(2)(a), 1692e(5), 1692e(10), 1692f, 1692f(1), and Wis. Stat. §§ 427.104(1)(h), 427.104(1)(j) and 427.104(1)(L).

## COUNT II – FDCPA

54. Plaintiff incorporates by reference as if fully set forth herein the allegations contained in the preceding paragraphs of this Complaint.

55. <u>Exhibit A</u> threatens "In many instances, having an unpaid debt owed to another apartment community will negatively impact the terms under which you may obtain another apartment, or result in an automatic denial of your application for residency," is false and misleading.

56. Plaintiff does not owe anything to another apartment community. Non-payment to NCS of the alleged debt would have no consequences for or impact on Plaintiff's apartment search, the amount of rent or any other lease terms.

8

Case 2:17-cv-00339-LA   Filed 03/08/17   Page 8 of 11   Document 1

57. NCS's demand that Plaintiff contact and pay NCS to "avoid other collection remedies available under the law" is false. Failure to contact NCS and/or make a voluntary payment does not instigate any specific action by NCS.

58. These statements in Exhibit A are false and misleading, as no such actions were forthcoming or contemplated at the time the letter was sent or at any time thereafter.

59. Such statements violate 15 U.S.C. §§ 1692e, 1692e(5), 1692e(10), and 1692f.

## COUNT III – WCA

60. Plaintiff incorporates by reference as if fully set forth herein the allegations contained in the preceding paragraphs of this Complaint.

61. NCS's demand that Plaintiff contact and pay NCS to "avoid other collection remedies available under the law" is false. Failure to contact NCS and/or make a voluntary payment does not instigate any specific action by NCS.

62. Such conduct violates Wis. Stat. §§ 427.104(1)(h), 427.104(1)(j) and 427.104(1)(L).

## CLASS ALLEGATIONS

63. Plaintiff brings this action on behalf of a Class, consisting of (a) all natural persons in the State of Wisconsin (b) who were sent a collection letter in the form represented by Exhibit A to the complaint in this action, (c) seeking to collect a debt for personal, family or household purposes, (d) between March 8, 2016 and March 8, 2017, inclusive, (e) that was not returned by the postal service.

64. The Class is so numerous that joinder is impracticable. Upon information and belief, there are more than 50 members of the Class.

65. There are questions of law and fact common to the members of the class, which common questions predominate over any questions that affect only individual class members.

The predominant common question is whether the Defendant complied with 15 U.S.C. § 1692e, 1692e(5), 1692e(10), and 1692f, and Wis. Stat. §§ 427.104(1)(h) and 427.104(1)(L).

66. Plaintiff's claims are typical of the claims of the Class members. All are based on the same factual and legal theories.

67. Plaintiff will fairly and adequately represent the interests of the Class members. Plaintiff has retained counsel experienced in consumer credit and debt collection abuse cases.

68. A class action is superior to other alternative methods of adjudicating this dispute. Individual cases are not economically feasible.

## JURY DEMAND

69. Plaintiff hereby demands a trial by jury.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff requests that the Court enter judgment in favor of Plaintiff and the Class and against Defendants for:

(a) actual damages;

(b) statutory damages;

(c) attorneys' fees, litigation expenses and costs of suit; and

(d) such other or further relief as the Court deems proper.

Dated: March 8, 2017

**ADEMI & O'REILLY, LLP**

By: /s/ John D. Blythin
Shpetim Ademi (SBN 1026973)
John D. Blythin (SBN 1046105)
Mark A. Eldridge (SBN 1089944)
Denise L. Morris (SBN 1097911)
3620 East Layton Avenue
Cudahy, WI 53110
(414) 482-8000
(414) 482-8001 (fax)

sademi@ademilaw.com
jblythin@ademilaw.com
meldridge@ademilaw.com
dmorris@ademilaw.com